IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE W. HAWKINS, JR.,

    Petitioner,

                                        CASE NO. 2:12-cv-00625

v.                                  JUDGE JAMES L. GRAHAM

                                        Magistrate Judge Kemp

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. This matter is before the Court to conduct an initial screening as required by Rule 4 of the Rules Governing Section 2254 Actions in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as a mixed petition containing both exhausted and unexhausted claims.

I.

Petitioner is, according to his petition, currently confined at the Ross Correctional Institution. He is serving a sentence imposed by the Franklin County Court of Common Pleas on charges of murder, felonious assault, aggravated burglary, kidnaping, and having a weapon under a disability. He was convicted after a jury trial of all of the offenses except

the weapons charge, on which conviction was entered by the trial judge. He filed a timely appeal to the Court of Appeals for the Tenth Appellate District, raising three assignments of error, all of which were overruled. *State v. Hawkins*, 2011 WL 6826814 (Franklin Co. App. Dec 22, 2011) . However, he did not timely appeal that court's adverse decision to the Ohio Supreme Court, and that court denied his motion for leave to file a delayed appeal. *See State v. Hawkins*, 131 Ohio St. 1538 (May 9, 2012).

The failure timely to file an appeal of the state court of appeals' decision is probably a procedural default which would prevent this Court from reviewing the merits of the claims which petitioner raised in his direct appeal. *See Smith v. State of Ohio Dept. of Rehabilitation and Correction*, 463 F.3d 426, 432 (6th Cir. 2006)(the Ohio Supreme Court's "denial of review on the basis of Rule II § 2(A)(4)(a) is an adequate procedural ground to foreclose federal habeas review"), *citing Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). The petition does not set forth any cause for the failure to appeal in a timely fashion which would excuse the procedural default. However, there is another more basic reason why the petition should be dismissed at this stage.

Petitioner, through counsel, has filed a motion with the Tenth District Court of Appeals to reopen his appeal pursuant to Appellate Rule 26(B). That motion was filed on March 21, 2012, and raises a claim about appellate counsel's failure to argue that some of the sentences imposed by the trial court were on allied offenses of similar import. The Rule 26(B) motion is still pending in the state court of appeals. The claim raised in that motion, along with the three issues raised in petitioner's direct appeal, are all asserted in his

petition as grounds for habeas corpus relief.

28 U.S.C. §2254(b) (1) states that an application for a writ of habeas corpus brought by a state prisoner will not be granted unless "the applicant has exhausted the remedies available in the courts of the State...." That is, before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).  Because petitioner's Rule 26(B) motion is still pending, and has neither been decided by the state court of appeals nor presented to the Ohio Supreme Court, the claim raised in that motion and asserted here in the habeas corpus petition is unexhausted.

There are, of course, three other claims in the petition which have been exhausted (and, as noted above, likely procedurally defaulted absent some showing of cause for the default and prejudice to the petitioner).  But a petition containing both exhausted and unexhuasted claim, a so-called a "mixed petition," is ordinarily subject to dismissal as well. Under the "total exhaustion" rule of *Rose  v. Lundy*,  455 U.S. 509, 522 (1982), federal courts must dismiss without prejudice habeas corpus petitions  containing both exhausted and unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 274 (2005), unless it appears that the

statute of limitations will bar the re-filing of the habeas corpus petition. Here, petitioner had 45 days under state law to file an appeal of the state court of appeals decision to the Ohio Supreme Court, so the one-year statute of limitations found in 28 U.S.C. §2244(d)(1) did not begin to run, at the earliest, until 45 days after that court's decision, which was filed on December 22, 2011. It is also possible that his Rule 26(B) motion, assuming it was filed timely, has suspended the running of the statute of limitations. *See, e.g., Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)(en banc); *Hall v. Warden, Lebanon Correctional Institution*, 2009 WL 857979 (S.D. Ohio March 25, 2009), *aff'd* 662 F.3d 745 (6th Cir. 2011). Therefore, if this action were dismissed now, the statute of limitations would likely not bar its being refiled at a later date after he has exhausted his claim of ineffective assistance of appellate counsel. That being so, there is no reason not to apply the "mixed petition" rule and to dismiss the entire petition without prejudice to its being refiled (assuming that this occurs timely) either without the unexhausted claim, or after that claim is exhausted. .

## II.

For all of these reasons, the Court recommends that the petition be dismissed on grounds that it is a mixed petition containing an unexhausted claim and is therefore subject to dismissal under *Rose v. Lundy, supra,* and 28 U.S.C. §2254(b), (c).

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge