IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE W. HAWKINS, JR.,

    Petitioner,

                              CASE NO. 2:12-cv-00625

v.                            JUDGE JAMES L. GRAHAM

                              Magistrate Judge Kemp

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Court to consider the Magistrate Judge's recommendation to dismiss this action as a mixed petition containing both exhausted and unexhausted claims. The Court reviews that recommendation *de novo* in light of petitioner's objection to dismissal. *See* 28 U.S.C. § 636(b)(1). For the following reasons, the objection will be overruled and this action will be dismissed.

I.

Petitioner does not object to the description of his petition and claims as set forth in the Report and Recommendation. Briefly, petitioner is serving a state court sentence for murder, felonious assault, aggravated burglary, kidnaping, and having a weapon under

a disability. His convictions were affirmed on appeal, *see State v. Hawkins*, 2011 WL 6826814 (Franklin Co. App. Dec 22, 2011), and a motion for leave to file a delayed appeal to the Ohio Supreme Court was denied. *See State v. Hawkins*, 131 Ohio St. 1538 (May 9, 2012). While the motion for delayed direct appeal was pending, petitioner filed a motion with the Tenth District Court of Appeals to reopen his appeal pursuant to Appellate Rule 26(B). That motion is still pending in the state court of appeals. The petition filed in this case raises, as grounds for relief, all of the assignments of error which were raised before the state court of appeals and the claim presented in the Rule 26(B) motion.

The Report and Recommendation correctly states the applicable law relating to the requirement that a petitioner must exhaust available state remedies before bringing a habeas corpus action in federal court:

> 28 U.S.C. §2254(b) (1) states that an application for a writ of habeas corpus brought by a state prisoner will not be granted unless "the applicant has exhausted the remedies available in the courts of the State...." That is, before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

*Report and Recommendation*, Doc. 3, at 3. Under this standard, the claim which petitioner is currently pursuing in his Rule 26(B) motion pending before the Tenth District Court of

Appeals is unexhausted. Petitioner concedes that fact in his objection.

The Report and Recommendation also notes that, under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), federal courts must dismiss without prejudice habeas corpus petitions containing both exhausted and unexhausted claims. Again, petitioner does not argue that this is not a correct statement of the law. His only argument against dismissal is that because his petition also contains three exhausted claims, the Court should retain jurisdiction and not dismiss those claims.

The Court does have discretion to retain and decide the exhausted claims in a mixed petition and to dismiss only the unexhausted claims. Ordinarily, however, it does not do so because if the state court were to grant relief on the unexhausted claims, a federal court decision on the other claims might never be necessary. Recently, the Supreme Court has held that a District Court may use a procedure called "stay and abeyance" to retain jurisdiction over exhausted claims while permitting a petitioner to complete the process of exhausting other claims in the state court. *See Rhines v. Weber*, 544 U.S. 269, 274 (2005). In *Rhines*, however, the Court noted that "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the purposes of the habeas corpus statute in encouraging finality of criminal convictions and reducing delays in federal adjudication of actions which call them into doubt. *Id.* at 277. Therefore, the Court held that "stay and abeyance should be available only in limited circumstances" such as where there is good cause for the petitioner's failure to exhaust and where the dismissal of the petition, even without prejudice, might jeopardize the petitioner's ability to return to federal court due to statute

of limitations issues. *See id.* at 276-77.

Here, as the Report and Recommendation notes,

> petitioner had 45 days under state law to file an appeal of the state court of appeals decision to the Ohio Supreme Court, so the one-year statute of limitations found in 28 U.S.C. §2244(d)(1) did not begin to run, at the earliest, until 45 days after that court's decision, which was filed on December 22, 2011. It is also possible that his Rule 26(B) motion, assuming it was filed timely, has suspended the running of the statute of limitations. *See, e.g., Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)(en banc); *Hall v. Warden, Lebanon Correctional Institution*, 2009 WL 857979 (S.D. Ohio March 25, 2009), *aff'd* 662 F.3d 745 (6th Cir. 2011). Therefore, if this action were dismissed now, the statute of limitations would likely not bar its being refiled at a later date after he has exhausted his claim of ineffective assistance of appellate counsel. That being so, there is no reason not to apply the "mixed petition" rule and to dismiss the entire petition without prejudice to its being refiled (assuming that this occurs timely) either without the unexhausted claim, or after that claim is exhausted.

*Report and Recommendation*, at 4. Again, petitioner has not argued that this is an incorrect statement of the law or that he would suffer any prejudice if the petition were to be dismissed without prejudice. Thus, this is not a case where use of the "stay and abeyance" procedure is appropriate. To the extent that the objection constitutes a request for the Court to use that procedure here (and that would appear to be the only possible argument which could be made against dismissal of the case), that objection lacks merit.

II.

For the reasons set forth in Part I of this Opinion and Order, the Court **OVERRULES** petitioner's objections (Doc. 5) to the Report and Recommendation (Doc. 3) and **ADOPTS AND AFFIRMS** that Report and Recommendation. This case is **DISMISSED WITHOUT**

-4-

**PREJUDICE.** Petitioner is cautioned that he must exhaust all available remedies with respect to his pending Rule 26(B) motion, including an appeal to the Ohio Supreme Court, before refiling his petition. If he does refile, he should also address the apparent procedural default of his first three claims due to his failure timely to appeal those claims to the Ohio Supreme Court.

**IT IS SO ORDERED.**

JAMES L. GRAHAM
United States District Judge